## GOETZ, Respondent, v. AMBS, Appellant.

1. The supreme court will not grant a new trial on the ground that the verdict of the jury is against the weight of evidence.

2. Where, however, the damages awarded by the jury are excessive, and unwarranted, the supreme court will award a new trial, if the ends of justice will be subserved thereby.

Goetz v. Ambs.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for an assault and battery. The petition charges various injuries to the person of plaintiff, and particularly an injury to one of plaintiff's eyes, caused by a blow of a whip, inflicted by defendant, by reason of which plaintiff underwent great pain, and was prevented from engaging in his business for the space of six weeks, and was subjected to an expenditure of seventy-five dollars, in and about endeavoring to be cured of the injuries inflicted. The damages were laid at $5000. The defendant, in his answer, denied all the material allegations of the petition. The testimony offered by plaintiff and defendant was conflicting. That offered by plaintiff tended to prove that the defendant, who was proprietor of " Camp Spring," a place of resort for purposes of amusement, without provocation, struck the plaintiff a severe blow with the butt end of a whip, injuring the eye of plaintiff and so disabling him as to render it necessary that he should cease laboring at his trade, that of a stone cutter, for the space of five or six weeks ; that plaintiff could earn at his trade from three to four dollars per day ; that the physician's bill was between sixty and seventy dollars. The physician who attended upon plaintiff testified that the injury to plaintiff's eye was or might be permanent, and that sight might never be restored entirely. To this testimony defendant objected as incompetent and irrelevant under the petition. Objection overruled and exception taken. The testimony offered on part of defendant conflicted with that offered by plaintiff, and tended to prove that it was not the defendant who struck the plaintiff ; that plaintiff was injured in a quarrel that arose at " Camp Spring," by some person other than defendant. The following instructions were given by the court: " 1. If the jury believe from the evidence that the plaintiff was struck in his left eye by the defendant, with the butt end of a whip, which he held in his hand, they will find for the plaintiff. 2. If the jury find for the plaintiff, they should allow such damages as will compensate him for the expenses he

incurred in endeavoring to cure himself of the injury inflicted by the defendant, and for his loss of time in consequence of such injury, and, in addition thereto, may allow such further sum for exemplary damages or smart money as they may, under all the circumstances and facts, deem right. 3. If the jury believe from the evidence that the defendant did commit the assault and battery complained of, then the defendant can not, under the pleadings, set up any matter in justification for the same. 4. If there was a quarrel or general fight at the Camp Spring garden at or about the time plaintiff was injured, and the plaintiff did not participate therein, then that fact should not be considered as mitigating the damages, if the defendant intentionally struck the plaintiff in the manner charged. 5. If the jury believe from the evidence that any witness has wilfully testified falsely to any material fact, they should reject all parts of his testimony which are false, and are at liberty to reject his testimony altogether. It is the exclusive province of the jury to determine what weight should be given to the testimony of each witness." To the giving of these instructions the defendant excepted. The jury returned a verdict for the plaintiff for $2000. A motion for a new trial was overruled, and plaintiff brings the case here by appeal.

Hudson & Thomas, for appellant.

Hart & Jecko, for respondent.

SCOTT, Judge delivered the opinion of the court.

This court does not interfere with the verdict of a jury on the ground that it is against the weight of evidence. If, however, upon the report of the evidence on a trial, we were warranted in granting a new trial, we do not know how we would resist such an application on this occasion. As a new trial will be granted on account of the excessiveness of the damages, we deem it inappropriate to make any comments on the case. Upon looking over the record, we are satisfied that the ends of justice will be subserved by granting a new trial; although the injury sus-

tained was a serious one, we do not think the circumstances warranted so heavy a verdict.

The judgment is reversed, and a new trial ordered, with the concurrence of Judge Ryland.