ISIDOR BUSH & SON, Plaintiffs in Error, *vs.* H. S. CHRISTIAN Defendant in Error.

1. *Practice, civil—Supreme Court—Verdict.*—In law cases where there is any legal evidence tending to uphold the finding, this court will not weigh the evidence.

*Error to Jefferson Circuit Court.*

*John L. Thomas & Bro.*, for Plaintiffs in Error.

I. The evidence is so overwhelmingly against the finding, as to shock the moral sense.

*Jos. J. Williams*, for Defendant in Error.

I. There being no question of law saved for review, this court will not weigh the evidence, especially as the preponderance of evidence is in favor of the judgment. (St. Bt. City of Memphis vs. Mathews, 28 Mo., 248; Backster vs. Hull, 28 Mo., 593; Jones vs. Plummer, 29 Mo., 456; McLean vs. Bragg, 30 Mo., 262; Thompson vs. Russell, 30 Mo., 498.)

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiffs on the following instrument of writing executed by the defendant :

ST. LOUIS, Nov. 12th, 1869.

Received of Messrs Isidor Bush & Son, two cases with grape vines on board the Steamer Pauline Carroll, amounting to $658.58-100, which amount I promise to pay as soon as I can collect and deliver the plants, latest within sixty days from date.

The petition averred, that defendant on the 19th day of March, 1870, paid of said amount $112, and on the 15th day of September the further sum of two hundred dollars, and had failed and refused to pay the remainder, for which plaintiffs asked judgment.

The defendant in his answer states, that the sole consideration for the instrument sued on was the sale and delivery to defendant by plaintiffs of a large quantity of grape plants, which plaintiffs contracted to deliver to him on board of a steamboat; that by said contract plaintiffs agreed to de-

liver well grown plants from mature wood, and were to be
No. 1 plants ; that it 'was understood by the parties, that the
plants were being purchased to be shipped to, and sold in,
Texas, and in view of that fact it was a part of the contract,
that the plaintiffs would deliver the vines packed in cases in
a good condition, so that they could be shipped to, and re-
ceived in, the State of Texas in a good merchantable condi--
tion. The defendant then avers, that in violation of said
contract plaintiffs delivered the vines on the steamboat,where
the instrument sued on was executed, packed in cases so bad-
ly that about two-thirds of them died before they could be
transported to Texas by the most expeditious means, or so
soon thereafter that no sale could be made of them, and that,
in consequence of the insufficient packing of the vines, two-
thirds of them were worthless and wholly lost to defendant ;
that defendant had wholly relied on the representation of
plaintiffs, that the vines were well packed, in making the pur-
chase, and that he was ignorant of the insufficient manner in
which the vines were packed, until the cases were opened
in Texas. The defendant then averred, that in consequence of
the insufficient manner in which the vines were packed, he
was damaged in a sum larger than the amount remaining un-
paid on the instrument sued on, and prayed judgment for his
costs, etc.

The plaintiffs in their replication to the answer admitted
the contract as stated, but denied the violation charged, and
averred that the grape plants were well and skillfully packed,
etc.

A jury was waived, and a trial had by the court. The de-
fendant was examined as a witness, and by his evidence sus-
tained the facts relied on in the answer, if credit is given to
his evidence.

The plaintiff offered in evidence two letters written by the
defendant to the plaintiff, one written a few days after the
grape vines arrived and were opened in Texas, and the other
about five months afterwards ; by both of these letters he
promised to pay for the vines, and in neither of which did he

make any mention of the bad condition of the vines, or that they had been improperly packed. In the last of these letters he stated, that he would pay for the vines in good faith as soon as he could get money from Texas. It was also proved by the plaintiffs, that defendant had, in the first part of August, about five months after the vines had been received in Texas, paid two hundred dollars on the debt for the vines, and had given a deed of trust to secure the payment of the balance, and had then promised to pay the balance in six months from that time, and that he then made no mention of the fact that the vines had not arrived in good order.

The defendant attempted to explain these letters and promises in his cross-examination by saying, that at the time that he made these promises he had sold a part of the vines on the condition, that the purchasers would pay for them if they grew, otherwise they were not to pay, and that he hoped that he might be able to collect for these vines, and if he did he had concluded to pay the whole demand rather than have a law suit or trouble, but he afterwards found that the vines had not grown, and that he then concluded to resist any further payment to plaintiff. This was substantially the evidence in the case.

The court made two declarations of law at the request of the parties, neither of which is objected to by either party, and, in fact, no question of law is raised by the record in the case.

The court found the issues for the defendant, and rendered a judgment in his favor for costs. The plaintiffs filed a motion for a new trial, which being overruled they excepted, and have brought the case here by writ of error.

There is not a single question of law presented in the record of this case. We are asked to review the finding and judgment of the trial court upon the facts as presented in the evidence. It is contended, that the acts of the defendant, subsequent to his purchase of the vines, as shown by the evidence, were sufficient to wholly discredit and destroy the evidence given by him in his own favor; whether this is so or not, was

the exact question passed on by the court that tried the case. It has been so often held by this Court, that where there is any legal evidence tending to uphold the verdict of a jury or the finding of a court as to the facts in issue, this court will not interfere with the finding, that it is not necessary to refer to the cases on the subject.

The other Judges concurring, the judgment is affirmed.