FREDERICK DOERING, Respondent, *vs.* STEPHEN SAUM, *et al.*, Appellants.

1. *Practice, Supreme Court—Evidence, not weighed*—The Supreme Court will not weigh evidence in a cause to see if it was properly considered by the jury; although, if it were clearly shown that there was absolutely no evidence to uphold a verdict so as to plainly indicate that the verdict was the result of mistake, prejudice or corruption, the Supreme Court would not hesitate to reverse the judgment rendered on such a verdict. To induce such action the case must be a clear one.

*Appeal from St. Louis Circuit Court.*

*T. G. C. Davis*, for Appellant.

*Geo. E. Smith*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

The petition in this case contained two counts, one founded on a promissory note, and the other founded on an account for interest due.

There is no question raised in this court, as to the issues tried on the second count; but the whole controversy in the case grows out of the defense set up by the defendant, Stephen Saum, to the note named in the first count. The note sued on was as follows:

St. Louis, March 1st, 1869.

Twelve months after date we promise to pay to the order of Frederick Doering one thousand dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of eight per cent. per annum."

This note was signed at the bottom by Nicholas Saum and Dieckmann, and the name of the defendant Stephen Saum was written across the back of the note.

The pleadings are prolix, but no question is made on the pleadings, and none is made in reference to any defense set up in the case except the defenses set up in the separate answer of Stephen Saum.

The defenses relied on by Stephen Saum are, first, that he did not execute the note sued on as maker of the note, but

hat he only wrote his name on the note as an indorser for the ┑commodation of the other defendant's, and second, that the note was altered by the plaintiff in a material matter after defendant had indorsed the same, without the consent of said defendant, and that the note was therefore void as to him.

The issues were framed on this answer, and a trial was had before a jury and the issues found for the plaintiff. At the close of the evidence the court fully instructed the jury upon the issues to be tried, neither party objecting to any of the instructions, and no instructions were refused by the court. After the verdict was found the defendant filed a motion for a new trial on the ground that the jury had disregarded the instructions of the court, and had found their verdict against the evidence, and wholly without and in disregard of the evidence.

The Circuit Court at Special Term overruled this motion and the defendants appealed to General Term where the judgment was affirmed; from which last judgment the defendants appealed to this court.

No point is made in this court as to the first issue made in the answer.; but it is insisted here that the jury found for the plaintiff on the second issue, not only against the weight of the evidence, but in direct opposition to all of the evidence in the case, and that the court therefore erred in overruling the defendant's motion for a new trial, and that the judgment ought to be reversed. This court has uniformly held that where there is a conflict in the evidence, the evidence will not be weighed here in order to ascertain whether the jury properly weighed the evidence or not; but if it were shown that there was absolutely no evidence to uphold a verdict so as to clearly indicate that the verdict was either the result of mistake, prejudice or corruption, this court would not hesitate to reverse the judgment rendered on such a verdict; but the case must be a clear one. In this case the issue was, whether the plaintiff had altered or procured to be altered the date of the note sued on after the defendant Stephen Saum had signed the same, without his consent. The plaintiff and defendants were the only witnesses in the case.

The plaintiff testified that the note was drawn at the store of Nicholas Saum and Henry Dieckman, in the absence of Stephen Saum, who resided about ten blocks from the place where the note was drawn. That as the note was first drawn it was dated as of the 4th of March, 1869, that the date was then changed by said Nicholas Saum, at said store house, to the 1st of March, 1869, in the presence of witnesses, and in the absence of said Stephen Saum, and that the name of Stephen Saum was not subscribed to the note until after it was so changed. Nicholas Saum testified that the note when written was taken to the house of Stephen Saum, and his name subscribed or written on it, that the date was at that time, either the 7th or 10th of March, 1869, but that after he returned to the store the date was changed to the 1st of March, and the note delivered to the plaintiff. H. Dieckman testified that after the note was signed by defendant Stephen, he heard some talk between his partner in the store about changing the date, after which the note was delivered to plaintiff, and he left, but that he did not see the note changed. Stephen Saum testified that the note was dated the 7th or the 10th of March, 1869, when he signed his name to it, but he further stated that he had just signed his name on the note as he had signed other notes for the same parties, and the note being written in English, he could not read it as he could not read English. This is the substance of the evidence; there are three witnesses on the part of the defendant, and but one on the part of the plaintiff. It is clearly a case of conflicting evidence. The jury and the trial court heard all of the evidence, they had an opportunity to see and observe the demeanor, and consistency of the witnesses, which all taken together, with all that is said, is better calculated to enable one to arrive at the truth than the mere words written in the bill of exceptions. As the jury has found the facts for the plaintiff, and the court has refused to set aside their verdict, we do not feel authorized to say they were wrong.

The judgment will be affirmed. The other judges concur.