————o————

JAMES EDWARDS, Respondent, *v.* ROBERT CARY, Appellant.

1. *Practice, civil—Instructions may be given, when, taken as a whole, they state the law properly.*—Where instructions, taken together, state the law correctly, it is proper to give them, although they are objectionable when taken separately.

2. *Forcible Entry and Detainer—Ploughing by plaintiff—What proof of actual possession by plaintiff insufficient—What sufficient.*—In an action of forcible entry and detainer, proof that plaintiff entered upon the land and ploughed a few furrows across a portion of it, does not make out such a case of actual possession on his part as to warrant a verdict in his favor. Something more is necessary showing an intention to possess, accompanied with acts indicative of that purpose. The visiting, and looking after, and superintending of unoccupied land are acts going to show such intent.

3. *Practice, Supreme Court—Evidence, weight of.*—In civil actions at law, the Supreme Court has nothing to do with the weight of evidence.

4. *Forcible Entry and Detainer—Title to land cannot be tried in.*—In actions of forcible entry and detainer, the title to land cannot be inquired into.

*Appeal from Carroll Circuit Court.*

*Hale & Eads,* for Appellant cited Garrison vs. Savignac, 25 Mo., 47; King vs. St. Louis Gas Light Co., 34 Mo., 34; Harris vs. Gurner, 46 Mo., 438.

*L. H. Waters,* for Respondent, cited Bartlett vs. Draper, 23 Mo., 407; Miller vs. Northrup, 49 Mo., 397; DeGraw vs. Prior, 53 Mo., 313; Powell vs. Davis, 54 Mo., 315; Beeler vs. Cardwell, 29 Mo., 72; McCartney's Adm'r vs. Alderson, 45 Mo., 35.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action for forcible entry and detainer. The cause was tried before the court without the intervention of a jury, and a judgment was rendered in his favor. The

evidence for the plaintiff tended to prove that he took possession of the land in controversy under a claim of title in July, 1870, and made some improvements thereon ; and that in the spring of 1871, defendant, without his consent, took the possession and kept it ; that when he first went into possession the land was uncultivated and unoccupied.

For the defendant there was evidence to show that his grantor, Withers, had been in possession many years prior thereto and had built a house on the land and inclosed a field ; that the house was torn down. and the rails removed or destroyed, but there were still traces that the field had been in cultivation. The improvements disappeared in 1868, after that the cultivation ceased ; but Withers, who did not reside in the county, occasionally came back in the neighborhood to superintend and look after the land, and it was known generally as his.

For the plaintiff the court gave three instructions, which although somewhat objectionable when taken singly and apart, yet when taken as a whole and together, were correct enough ; and, as the cause was tried by the court, they cannot be regarded as misleading.

The first thing that the plaintiff did, when he entered the land and commenced his work thereon in July, 1870, was to plow a few furrows across a portion of it, and as to this act, the court declared, for the defendant, that the alleged entry on the land and plowing a few furrows across a portion of it, was not such an actual possession as would authorize a verdict for the plaintiff. This was a correct presentation of the law, on defendant's side. Something more was required, showing an intention to possess, accompanied with acts indicating that purpose.

In reference to the possession of Withers, either by himself or his tenant, and whether he had abandoned it previous to plaintiff's acquiring his right, the court instructed that any act done by the owner of land after his tenant has left it, indicating his intention not to abandon it, but to hold the possession to himself will continue the possession in him,

and if the court believe from the evidence that after the house and fence had gone down on said land, Withers, who claimed to be the owner of the land, visited the same from time to time, superintending and looking after it, then that is evidence that he, Withers, had not abandoned the possession. The court further declared that if it was found from the evidence that Withers put up a house and inclosed a field of about seven acres upon the land, and that the house was torn down, without the knowledge or consent of Withers, in 1868, and that the fence about the field was burnt off about the same time, and if it was further found that Withers sold the land to defendant, and that up to the time of the sale, there was evidence of the old improvements, and that Withers, after the improvements had gone down, from time to time visited the land, and superintended the same, and that after the sale to the defendant, he—the defendant—continued to look after the same up to the time of the breaking by plaintiff in July, 1870, then the court will find that the possession was in the defendant at the time of the alleged entry of plaintiff.

Defendant asked several other instructions which the court refused, but it is not deemed necessary to consider them, as those already given presented the question of possession in the most favorable attitude in his behalf.

From the theory on which the case was submitted, as illustrated by the declarations, it is manifest that the court, as the trier of the fact, must have found that the land was unoccupied when the plaintiff took possession of it; that the plaintiff's possession was an actual one and consisted of something more than plowing a few furrows; that Withers, by himself and his tenants, had abandoned the possession and was not in possession thereof at the time of the sale to the defendant, and that consequently there was no continuation of the possession in the defendant.

We have nothing to do in this court with the weight of evidence. The testimony was conflicting, and the court having found that plaintiff was in the peaceable possession of the land, and that he was ousted therefrom by the defendant, the verdict cannot be disturbed.

In actions of forcible entry and detainer, the title cannot be tried or brought in question, and if the plaintiff acquired his possession wrongfully, and the legal title is in the defendant, he must pursue his remedy in a different form.

Judgment affirmed; all the judges concurring.