BANK OF NORTH AMERICA, *Appellant*, v. YORK.

| | |
|---|---|
| 89 | 369 |
| 121 | 41 |

| | |
|---|---|
| 89 | 369 |
| 94a | 1265 |

1. **Practice**: FINDING OF JURY: WEIGHT OF EVIDENCE. Where the evidence is conflicting and contradictory, that of each party tending to support his side of the case, the jury are the judges of its weight and value, and their finding in such cases will not be disturbed, unless it appears to have been produced by misdirection of the court.

2. **Deceit**: FALSE STATEMENTS. Where a third person knowingly made false statements to one, with intent to deceive and mislead him, and induce him to loan money to another, and the person to whom the statements were made had reasonable ground to rely upon them and did rely upon them, and was deceived by them into making the loan, he is entitled to recover from the person making the false statements such loss as he may have sustained by reason of their having been made.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

The petition is in the following words :

"Plaintiff states that plaintiff is a body corporate, incorporated under the laws of the state of Missouri, as a banking institution, and having had its place of business, at the dates hereinafter named, in the city of St. Louis, state of Missouri. That, from, on or about February 11, 1875, to, on or about June 14, 1876, defendant herein was the duly elected and acting president of this plaintiff, and, as such officer, had the general control and direction over the moneys and property and executive officers of this plaintiff, and that during and from the said period to the present time defendant was and is director of this plaintiff.

"Plaintiff further states that owing to the position of trust and responsibility as president occupied by defendant, as aforesaid, and further owing to the acknowl-

edged skill and experience of defendant as a financier, defendant acquired and exercised great influence among his fellow-directors, and over the mind of the cashier and other executive officers of plaintiff and was greatly trusted by all said officers.

"That on or about January 27, 1877, and while defendant was a trusted and acting director of plaintiff, one Samuel L. Carter applied to plaintiff for a loan of five thousand dollars for sixty days; said loan to be evidenced by the note of said Carter and secured by a pledge of one hundred shares of stock of the North St. Louis Brick Company, a body corporate under the laws of the state of Missouri.

"Defendant, contriving and intending to cheat and defraud the plaintiff, and with the intent to deceive and defraud plaintiff, advised and urged the cashier and other officers of plaintiff to make said loan; falsely and knowingly representing that he knew said security to be good and safe, and more than sufficient to cover said loan, well knowing said representations to be untrue, and did not disclose the fact that defendant was in any way interested in said loan, thereby deceiving and intending to deceive and mislead plaintiff.

"Plaintiff, believing that it was making a discount in the ordinary course of business, and that defendant was in no wise personally concerned in said loan, and relying on the well known business sagacity of defendant, accepted said security and made said loan without further scrutiny, and paid over to said Carter the amount of said loan, less the usual discount.

"Plaintiff discovered long after said loan was made, that said security was wholly or nearly worthless; that the money so loaned to said Carter was in reality and fact a loan to defendant herein; that the loan was partly for his (defendant's) use and benefit; that a portion of said loan was directly paid over by said Carter to defendant, and the main portion of the remainder was in-

vested by said Carter in speculations, the profits of which were to go, in part, to said defendant.

"Plaintiff further states that the statement of defendant, made prior to the making of said loan, and on the faith of which said loan was made, viz. : that he, defendant, knew said security to be amply sufficient to protect said loan, was wholly untrue ; that said statement was made fraudulently, falsely, and knowingly, and with intent to deceive and mislead, and did mislead the officers of the plaintiff and induce them to make said loan.

"Plaintiff further states that no part of said sum has been returned to it, but the whole has been lost to plaintiff, owing to the want of good faith on the part of defendant aforesaid. Plaintiff prays judgment for five thousand dollars, with interest from January 27, 1877."

*Hermann & Reyburn, J. O. Broadhead* and *Boyle, Adams & McKeighan* for appellant.

(1) This court will not weigh the evidence, to balance whether it preponderates for or against appellant, but will simply see whether there is any competent evidence to go to the jury. *Brown v. Railroad*, 50 Mo. 461 ; *Kearne v. Keathe*, 63 Mo. 84. (2) Proof, in this class of cases, is generally circumstantial. "It is not, however, necessary, in order to establish fraud, that direct, affirmative or positive proof of fraud be given. * * * The motives with which an act is done may be, and often are, ascertained and determined by circumstances connected with the transaction and the parties to it. Various facts. and circumstances evince sometimes, with unerring certainty, the hidden purposes of the mind. ' A deduction of fraud,' says Kent, ' may be made not only from deceptive assertions and false representations, but from facts, incidents, and circumstances, which may be trivial in themselves, but may, in a given

case, be often decisive of a fraudulent design.'" Kerr on Fraud [Am. Ed.] 384; *Massey v. Young*, 73 Mo. 273.

*W. C. Marshall* for respondent.

In actions of this character the following elements must concur and be affirmatively and clearly shown: (1) The representation must have been distinct, clear, and certain, and not an expression of opinion or general assertion of matters within the knowledge or reach of the party complaining. Bigelow on Fraud, ch. 1, sec. 1, p. 1; *Dunn v. White*, 63 Mo. 186; *Anderson v. Hill*, 12 Smedes & M. 679; *Tuck v. Downing*, 76 Ill. 71; *Dormitzer v. Dreve*, 3 Mo. App. 595. (2) The representation must be false. Bigelow on Torts, p. 10, sec. 1. (3) That the defendant knew the representation to be false. *Sullivan v. Warren*, 43 How. Pr. 188; *Moore v. Noble*, 36 How. Pr. 385; *Marshall v. Gray*, 39 How. Pr. 172; *Roberson v. Flint*, 58 Barb. 100; *Case v. Boughton*, 11 Wend. 106; *Gaffrey v. Burton*, 12 How. Pr. 516; *Hartford Ins. Co. v. Matthews*, 102 Mass. 226. (4) That there was an intention to deceive. "A representation honestly believed to be true by the party making it is not a good cause of action, although it may prove to be untrue." *Russell v. Clark*, 7 Cranch, 69, and especially 92 to 94; *Young v. Covell*, 8 Johns. 25 (leading case in America); *Haycraft v. Creasy*, 2 East, 92, recognized and approved in *Russell v. Clark, supra;* *Thom v. Bigland*, 8 Exch. 726; *Omrod v. Huth*, 14 M. & W. 651; *Boyd v. Brown*, 6 Barr, 316; *Weeks v. Burton*, 7 Vt. 67; *Stone v. Denny*, 4 Met. 151. (5) That the representation was the "proximate" or "very" cause. *Rutherford v. Williams*, 42 Mo. 18; *Pitt v. Donovan*, 1 Maule & S. 639; *Pater v. Baker*, 3 Com. B. 831, 868; *Wren v. Weild*, Law R. 4 Q. B. 730. (6) Loss in consequence of the representation. (7) That the parties did not have equal means of knowledge. "Relief will not be given where the parties have equal means of infor

mation." *Rockafellow v. Baker*, 41 Pa. St. 319 ; *Brown v. Leach*, 107 Mass. 364; *Rocehi v. Schwabacher*, Rep. vol. 13, April 19, 1882. *Ely v. Stewart*, 2 Md. 408 ; *Salem Rubber Co. v. Adams*, 23 Pick. 256 ; *Attwood v. Small*, 2 Clark and Finnell, 232. (8) That the plaintiff did not rely upon his own personal examination. If the plaintiff has actually examined the matter personally, there can be no recovery. *Vanderwalker v. Osmer*, 65 Barb. 556 ; *Halls v. Thompson*, 1 Smedes & M. 443 ; *Wannell v. Kem*, 57 Mo. 489. (9) Representations of what an article cost, or what it has been sold for, or of a sum offered for it, do not involve the party making them in any liability. *Medbury v. Watson*, 6 Met. 246 ; *Cooper v. Lovering*, 106 Mass. 79 ; *Martin v. Jordon*, 60 Me. 531 ; *Bishop v. Small*, 63 Me. 12. "It is the duty of the party to verify them, or insist upon a warranty." *Chester v. Comstock*, 40 N. Y. 575 ; *Dupont v. Payton*, 2 E. D. Sm. 424; *Ellis v. Andrews*, 56 N. Y. 83 ; *Schunck v. Morris*, 7 Rob. 658.

RAY, J., ON REHEARING.—This is an action for deceit. The answer, a general denial. The suit was commenced and tried in the St. Louis circuit court, where the plaintiff had a verdict and judgment, from which the defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was reversed and the cause remanded, from which the plaintiff has appealed to this court.

A synopsis of the opinion of the court of appeals is given in the 8 Missouri Appeals, 604. The principal ground on which that court placed its reversal as we gather from its opinion in the record is that "taking the whole testimony together it did not warrant any inference which would support the verdict." In this estimate of the evidence after careful examination we feel constrained to differ from that court. The evidence which was voluminous, is conflicting and contradictory, that of

each party tending to support his side of the case. The jury were the judges of its weight and value, and its finding in such cases will not be disturbed unless it appears to have been produced by misdirection of the court. The only instruction complained of by the court of appeals was to the following effect: "That if defendant, prior to the loan, made the statements charged in the petition, and these statements were false, and defendant knew them to be false and made them with intent to deceive and mislead plaintiff in regard to the loan, and that plaintiff had reasonable ground to rely on such statements, and did rely upon them, and was deceived by them into making the loan, plaintiff is entitled to recover." This instruction the court of appeals deemed misleading. In this also we differ from that court.

As applied to the evidence in the cause we see no error in this instruction, nor anything calculated to mislead the jury. We are of opinion, therefore, that the court of appeals erred in reversing the judgment of the trial court and remanding the cause, and for that reason we reverse its judgment and affirm that of the circuit court, in which all the judges concur except Norton, J., and the writer, who adhere to the original opinion filed herein.

PER CURIAM.—On motion of appellant the judgment is modified as follows: The judgment of the court of appeals is reversed and the cause remanded to that court with directions to enter a judgment affirming that of the circuit court.