SHEEHY v. KANSAS CITY CABLE RAILWAY COMPANY,
*Appellant.*

1.  Constitution: GRADING STREET: DAMAGES TO ABUTTING OWNER.  When property of an abutting owner is damaged by establishing the grade of a street, or by raising or lowering the grade as previously established, it is damaged for public use within the meaning of section 21, article 2, of the constitution of 1875.

2.  ———: ———: ———.  So, a railroad company which derives from the city its right to alter the grade of a street for the purpose of constructing its road is likewise liable for the damages to the abutting property owner caused by the alteration of the street.

3. **Abutting Owner:** EASEMENT. An abutting property owner has such an easement in the street as will support an action for the damages peculiar to him, by reason of such change in the street.

4. **Practice in Supreme Court:** EXCESSIVE DAMAGES. The Supreme Court will not reverse a judgment for excessive damages unless they are so excessive as to induce the belief that the verdict was the result of prejudice, passion, or corruption.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The first instruction given for plaintiff was erroneous. The city had the power to permit the defendant to make any use of the street, which was a public one, and to do all things necessary to enable it to make such use, and more especially if such use was a great public convenience. The construction of a street railroad in a public highway is simply the preparation of the highway for a use universally conceded to be public; and, while it is true that the plaintiff has a property right in the street appurtenant to his lot fronting thereon, yet such property right is, in every respect, subject and subordinate to the right of the public (exercised by the municipality) to make any change in the street which may conduce to the public convenience. The instruction assumes that plaintiff can be damaged by lowering the street, or the surface of it. This is not true; for plaintiff's property right in the street is entirely subordinate to that of the city, to do, or cause, or permit to be done, any act which enables the public the more fully to use and enjoy the highway. *Gay v. Tel. Co.,* 12 Mo. App. 485; *Building Ass'n v. Bell Tel. Co.,* 13 Mo. App. 477; s. c., 88 Mo. 274 and cas. cit. (2) The first instruction asked by the defendant should have

been given. The city could authorize the improvement of the street in any reasonable manner, without giving plaintiff any cause of action against those making the improvement. Laws of 1875, p. 204. The third instruction asked by defendant simply explained to the jury what matters they should consider in determining whether plaintiff was damaged. Defendant was entitled to have the jury told what the law would allow them to consider as elements of damage, and the refusal to do so is error. R. S., sec. 3655. (3) The verdict was clearly against the weight of evidence. The preponderance of testimony was overwhelmingly in favor of defendant, and the verdict was manifestly against the weight and entire current of the testimony. *Taylor v. Fox*, 16 Mo. App. 527. And it was the duty of the court below to sustain the motion for a new trial. *Lionberger v. Pohlman*, 16 Mo. App. 392. There is no substantial evidence to support the verdict. *O'Donnell v. Railroad*, 7 Mo. App. 190. The measure of damages in this case was the difference in the market value of the property before and after the change of grade. As to this there is an entire absence of testimony on the part of plaintiff. *Spooner v. Railroad*, 23 Mo. App. 403. (4) The damages found by the jury are excessive. And where the damages are manifestly excessive, the case will be remanded for a new trial. *Logan v. Small*, 43 Mo. 254; *Goetz v. Ambs*, 27 Mo. 28; *Kennedy v. Railroad*, 36 Mo. 351. (5) The petition does not state a cause of action, in this: That it fails to allege that plaintiff owned an easement in Ninth street appurtenant to his lot; or any fact from which that could be inferred; and fails to allege that Ninth street is a street in Lucas Place. R. S. of 1855, secs. 1, 8; R. S. 1879, secs. 6569, 6573.

*C. O. Tichenor* for respondent.

(1) The point made by appellant, that the verdict

as to its amount, is against the weight of the evidence, is not well taken. *City v. Hill*, 80 Mo. 523 ; *Burrough v. Rodgers*, 7 Cent. Law Jour. 828. (2) The evidence shows that the defendant cut the street lower than was allowed by the ordinance, because it was beneficial to it to do so. (3) Under the constitution, the power of cities to give the right to lay railroad tracks on its streets, is coupled with the burden of paying the damages actually caused by the exercise of the power, provided the same are peculiar to the party damaged. *Harmon v. Omaha*, 17 Neb. 548 ; *Reardon v. City*, 65 Cal, 501. (4) An abutter has an easement; a substantial property right in the street, no matter where the fee may be. *Lackland v. Railroad*, 31 Mo. 137 ; *Glasgow v. St. Louis*, 4 West. Rep. 573 ; *Story v. Railroad*, 90 N. Y. 122 ; *Lahr v. Railroad*, 104 N. Y. 268 ; *Bank v. Railroad*, 28 Fed. Rep. 233 ; *Railroad v. Eddins*, 60 Texas, 663 ; *Town v. Leopold*, 106 Ind. 29. (5) It is not claimed that plaintiff ought to have sued the city. The argument seems to be "that neither are liable. We do not say they could not be joined, though some decisions seem to look as if the railroad was alone liable. *City v. Wharf*, 115 Ill. 525 ; *Railroad v. McCutcheon*, 5 Cent. Rep. 759 ; *Railroad v. Eddins*, 60 Texas, 663 ; *Railroad v. Reary*, 42 Md. 132 ; *Broadwell v. City*, 75 Mo, 218.

NORTON, C. J.—Plaintiff, as the owner of a certain lot in Kansas City, with three dwelling-houses upon it, with a frontage of one hundred and ninety-two feet on Ninth, and fifty feet on Jefferson streets, in said city, sues for damages to said property, alleged to have been occasioned by the act of defendant in cutting down and lowering the grade of said Ninth street, below the grade established in 1879, when said houses were built on said lots. Defendant justified the act under an ordinance of the City of Kansas, approved April 4, 1883, authorizing

J. W. Smith and others to construct and operate for the term of thirty years, an endless cable street railroad on and over certain streets, one of them being said Ninth street, from Grand avenue west to the west boundary line of Coates' addition. This ordinance authorizes a change in the grade of Ninth street in front of plaintiff's lot, and the evidence shows that the grade was, by defendant, cut down and lowered below the grade established in 1879, twenty feet at the west end of plaintiff's lot, fifteen feet and three inches opposite the west house on said lot, six feet at the middle house, and that the two grades came together at the west line of Jefferson street. In regard to the damage occasioned by this change of grade to plaintiff's property, the evidence is conflicting, and on the trial judgment was rendered for plaintiff for five thousand dollars, from which defendant has appealed, and seeks a reversal for alleged error in the action of the court in giving and refusing instructions, and because the damages are excessive.

The court, as shown by the instructions given as well as by those refused, tried the case on the theory, that while the city had the right by ordinance to change the grade of said street in front of plaintiff's property, and to authorize defendant to make such change, still the defendant was liable for any damage resulting to plaintiff by reason of such change. It is insisted by counsel that this theory was erroneous, and that the city being fully empowered by its charter to grade, alter, and change the grade of its streets, and having changed the grade of Ninth street at this locality by ordinance, and authorized and permitted defendant to grade the same for the purpose of constructing its road thereon, it is not liable for damages resulting therefrom. This point is not well taken. Anterior to the adoption of the constitution of 1875, and as far back as the case of the *City of St. Louis v. Gurno*, 12 Mo. 414, it was the established rule in this state, that where a municipality was invested with

the control of its streets, and the power to fix, alter, and
change the grade of the same, that any damage resulting
to an abutting property owner from the change of grade
was *damnum absque injuria*, unless the injury could be
shown to have resulted from the negligent or improper
manner in which the work was done. · Section 21, article
2, of the constitution of · 1875, which provides that
"private property shall not be taken, or *damaged*, for
public use without just compensation," has changed
this rule.    *Werth v. City of Springfield*, 78 Mo. 107.
In this case it is held that, "when property is damaged
by establishing the grade of a street, or by raising or low-
ering the grade of a street previously established, it is
damaged for public use within the meaning of the con-
stitution."    It is clear that the City of Kansas under its
charter had the power to change the grade of Ninth
street, and it is equally clear, under the provision of the
constitution above quoted, that if, in the exercise of that
power, the property of an abutting owner was damaged, .
such owner would be entitled to recover such damages
from the city.    And if such liability would attach to the
city, it necessarily and logically follows that a railroad
company which had the right conferred on it to alter
the grade of the street for the purpose of constructing
its road, would also be liable to an abutting property
owner for damages to his property by reason of such
alteration.    In such case the privilege granted the rail-
road "would be yoked with a liability."    That the
owner of property abutting on a street has such an ease-
ment therein as would support an action for damages
peculiar to him is sustained by the following cases :
*Lackland v. Railroad*, 31 Mo. 181 ; *Werth v. City of
Springfield, supra ; Householder v. City of Kansas*,
83 Mo. 488 ; *McElroy v. Kansas City*, 21 Fed. Rep.
257 ; *Story v. Railroad*, 90 N. Y. 122 ; 104 N. Y. 268 ;
60 Tex. 663 ; *Cross v. Railroad*, 77 Mo. 318.    The theory

upon which the court tried the case, as embraced in the instructions, was a correct one.

It is insisted that the damages awarded by the jury are excessive, and that the judgment for that reason should be reversed. The court told the jury that the measure of damages was the difference in the market value of the property before and after the grade of the street was lowered. As to the amount or extent of the damages, the evidence is conflicting. Plaintiff, who testified in his own behalf, put the value of the property before the change of grade at fifteen thousand dollars, and after it was made at seventy-five hundred dollars, and stated that its rental value was reduced twenty-seven dollars per month; that it was injured for the purpose of future improvements thirty-seven hundred and fifty dollars, and thirty-seven hundred and fifty dollars without reference to such future improvements.

Two other witnesses put the value of the property at about fourteen thousand dollars before the change, one of them stating that by the change its value had been depreciated fifty per cent., the other that its value per front foot had been lessened fifteen or twenty dollars per foot on Ninth street, and that it affected the improvements a good deal. Besides this evidence, certain plats and photographs were put in evidence showing the original surface of the ground on Ninth street in front of plaintiff's property, the grade as fixed by the ordinance of March, 1879, the grade as established by the ordinance of April, 1883, the grade as actually made by defendant, and the location of the houses on the land. On the other hand, a number of witnesses on the part of defendant expressed the opinion that the property was worth as much after the street was graded as it was before.

While it might appear to us that, according to the weight of evidence, the damages awarded are excessive, this, under our rulings, is not sufficient to justify a

reversal of the judgment, unless they are so excessive as to induce the belief that the verdict was the result of prejudice, passion, or corruption. *Goetz v. Ambs*, 27 Mo. 28 ; *Bank of North America v. York*, 89 Mo. 369. When there is any evidence tending to sustain the finding, this court will not weigh such evidence. *Bush v. Christian*, 53 Mo. 483 ; 56 Mo. 479 ; 58 Mo. 429 ; 60 Mo. 572. In view of the evidence of plaintiff, Case, and Hutchins, and the fact that the jury had before them, in the form of plats and photographs, the physical facts bearing upon the question of damages, it cannot be said that there was no evidence tending to uphold the finding as to the amount of damages sustained. In such a case, under the rule adopted by this court, as above cited and adhered to with great tenacity, we do not feel at liberty to interfere with the judgment on the ground that the verdict is against the weight of evidence as to the damages awarded.

The judgment is affirmed with the concurrence of the other judges, except Ray, J., absent.