MADIGAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, March 13, 1906.

1. **CARRIERS OF PASSENGERS: Assault Upon Passenger: Punitive Damages.** In an action against a street railway company for damage to plaintiff while a passenger upon one of defendant's cars, caused by an assault of the conductor and his attempt to eject plaintiff from the car, the plaintiff was not entitled to exemplary damages if the conductor acted in good faith and used no more force than was necessary to eject plaintiff from the car, but if the assault was malicious, the plaintiff was entitled to punitive damages.

2. ———: ———: ———: **Jury Question.** Where the evidence tended to show that the plaintiff had paid his fare, that the conductor demanded another fare, and showed unreasonable rage and used unnecessary violence, the question of punitive damages was properly submitted to the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel J. Taylor,* Judge.

AFFIRMED.

*Boyle & Priest* and *Edward T. Miller* for appellant.

The record contains no evidence authorizing recovery of punitive damages, and the court erred in permitting a recovery thereof. Trauerman v. Lippincott, 39 Mo. App. 486; Ickenroth v. Transit Co., 102 Mo. App. 597, 77 S. W. 162; Logan v. Railroad, 77 Mo. 669; State v. Jungling, 116 Mo. 165, 22 S. W. 688; McNamara v. Transit Co., 182 Mo. 676, 81 S.W. 880; Pine v. Railway,

50 Minn. 144; 16 L. R. A. 347; Railroad v. Quigley, 21 How. (U. S.) 207; Cooley on Torts (2 Ed.), p. 836; 1 Joyce on Damages, secs. 119, 121.

*Everett Paul Griffin* and *John A. Gilliam* for respondent.

The circuit court properly submitted to the jury the question of exemplary damages. Goetz v. Ambs, 27 Mo. 28; Buckley v. Knapp, 48 Mo. 152; McNamara v. Transit Co., 182 Mo. 676, 81 S. W. 880; Trauermann v. Lippincott, 39 Mo. App. 478; Canfield v. Railroad Co., 59 Mo. App. 365; Lyddon v. Dose, 81 Mo. App. 71; Ickenroth v. Transit Co., 102 Mo. App. 597, 77 S. W. 162; Breen v. Transit Co., 102 Mo. App. 491, 77 S. W. 78; O'Donnell v. Transit Co., 107 Mo. App. 34, 80 S. W. 315; Summerfield v. Transit Co., 108 Mo. App. 718, 84 S. W. 172.

GOODE, J.—This is an action to recover damages for an assault and battery charged to have been committed on plaintiff by a conductor in defendant's employ and in charge of one of its street cars. It is alleged that the assault was willful, wanton and malicious. In defense the answer sets up that plaintiff was requested by the conductor to pay five cents for his car fare which he refused to pay; that the conductor informed him that unless he paid the same he would have to leave the car; that as plaintiff still refused to pay the fare, the car was stopped and he was requested to get off, but refused to do so; whereupon the conductor took hold of him and attempted to remove him from the car, using no more force than was necessary to accomplish that purpose, and before the conductor had succeeded in removing him, a bystander paid his fare and he was permitted to remain on the car.

The evidence for the plaintiff goes to show that on the morning of July 19, 1904, he boarded one of defen-

dant's cars at the corner of Bell and Grand avenues in St. Louis, with the intention of going to the Union Station and there taking passage for Indianapolis. The car plaintiff got on traveled south along Grand avenue to Olive street and there plaintiff left it and boarded an Olive street car which was to take him east to Eighteenth street where another car line ran southward a few blocks to the railway station. Plaintiff paid his fare on the car he first boarded and was given a transfer entitling him to passage on an Olive street car without paying another fare. He testified that after he had traveled half a block on the Olive street car, the conductor of it called for his fare and he presented the transfer, which the conductor accepted. Nothing further transpired until the car reached Twenty-second street, a distance of ten or twelve blocks from Grand avenue. Meanwhile plaintiff had remained on the rear platform near his valise, which he had deposited on the floor of the platform. At Twenty-second street the conductor asked plaintiff if he wanted a transfer and plaintiff said he did if another one would be furnished. The conductor then said plaintiff had not yet paid his fare and demanded payment. Plaintiff told him he had given the transfer, which the conductor denied and said unless the fare was paid plaintiff would be ejected from the car. Plaintiff refused to pay the fare or leave the car and the conductor seized him and attempted to put him off. In the struggle which followed plaintiff's hands were bruised and abraded some, and perhaps he received other injuries. There was testimony that the conductor struck him once, and plaintiff swore the conductor stamped on his feet violently. Other witnesses corroborated, in a measure, plaintiff's recital of the occurrence; but no one else testified regarding whether plaintiff had given the conductor a transfer. There were circumstances tending to show plaintiff first took passage at Bell avenue on a Grand avenue car, and if he did, according to defendant's course of business, he would have been given a

transfer ticket to the Olive street line. The conductor of the Olive street car swore that when Madigan got on it and was asked for fare, he was carrying a handbag and told the conductor he would pay the fare as soon as possible. The impression conveyed by this statement is that plaintiff had to deposit his valise before he could get the fare from his pocket. The conductor said he then went inside the car and was occupied there a considerable time. When he returned to the rear platform and asked plaintiff for a fare, the latter replied that he had paid it. The conductor disputed this and said if he did not pay he would be put off. Plaintiff refused to pay and the conductor took hold of him. Plaintiff grabbed the car rails and the conductor endeavored to loosen his hold. He had not succeeded in doing this when a bystander paid the fare and this ended the matter. Plaintiff swore that though he wished to leave the car at Eighteenth street the conductor refused to stop at that street and would not let him off until the car reached Seventeenth street.

The jury awarded plaintiff $17 actual and $250 punitive damages.

It is contended on this appeal that there was no ground for the assessment of punitive damages and that the trial court committed error in authorizing the jury to assess them. It is argued that the entire evidence shows the conductor acted in good faith and without malice; that believing plaintiff had not paid his fare, the conductor attempted to remove him from the car and in the attempt used no more force than was necessary. The conductor's testimony supports that theory, but plaintiff's does not. On the contrary it tends to show unreasonable rage and brutal violence on the part of the conductor. There was no testimony, not even from the conductor, that plaintiff fought or offered any resistance to being ejected from the car except by catching hold of the handrails to prevent himself from being thrown off; and there was testimony that the conductor

not only endeavored to put him off, but in the attempt struck him and stamped on his feet.

We accede to the proposition laid down by defendant that if the conductor acted in good faith and used no more force than was necessary to eject plaintiff from the car, believing plaintiff had not paid his fare, no case was presented for punitive damages. The lower court adopted that view of the law and gave two instructions to the jury which expressed it. The condition on which the jury was authorized to allow punitive damages was that the assault on plaintiff was malicious, and malice was defined to be the doing of a wrongful act without just cause or excuse. This instruction was in accord with the authorities. [Goetz v. Ambs, 27 Mo. 28; Buckley v. Knapp, 48 Mo. 158; Trauerman v. Lippincott, 39 Mo. App. 278.] If exemplary damages in cases like this could be imposed on the actual culprit who was guilty of the malicious assault, the result would be more satisfactory. It ought not to be supposed, in the absence of proof of the fact, that any carrier countenances such assaults by its employees; which, nevertheless, will occur occasionally in a business requiring many operatives, though caution is exercised in selecting them. Still, in the wide, and, in my opinion, often unjust application of the doctrine of *respondeat superior* in recent times, the law allows such damages to be assessed against common carriers for the acts of their employees; and on the testimony adduced for plaintiff and the authorities in this State, the court rightly left to the jury the question of the propriety of awarding them. The question was decided by the Supreme Court in Haehl v. Wabash Railroad, 119 Mo. 325, 24 S. W. 737, wherein the dissenting opinion in Rouse v. Railroad, 41 Mo. App. 298, 309, received approval. The majority opinion in that case held, for the reasons insisted on by defendant in the present case, that a common carrier was not liable in punitive damages for the malicious and forcible ejection of a pas-

:senger from a street car. Judge GILL dissented from that proposition.

The judgment is affirmed. All concur; *Bland, P. J.,* in the result.

