Henry McGowan, Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, November 8, 1886.

1. Pleading—Action for Nuisance—Sufficiency of Averments. It is not necessary, in order to maintain an action for a nuisance which has been erected by the predecessor of defendant, to allege that defendant had knowledge or notice of the nuisance. It is not necessary to allege or prove that notice of the nuisance has been

given providing you allege and prove knowledge of its continuing existence.

2. NUISANCE—DEFENCE OF LIMITATIONS.—A nuisance is a continuous thing, and as such, is a fresh nuisance every day it is suffered to remain unabated; and though the party complaining cannot recover upon the original cause of action, after period of bar prescribed by statute; he may for its *continuance,* any time before the right of entry is barred, and recover such actual damage as has accrued within the statutory period. Angell on Limitations, sect. 300.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

SHIRK & PORTIS, with THOS. J. PORTIS, for the appellant.

I. The petition shows upon its face that defendant did not erect the embankment and railroad track complained of, but took possession of said Missouri, Kansas and Texas railroad long after the same was erected. Under these circumstances the petition was fatally defective in not averring that plaintiff notified defendant of such obstruction. *Dickson v. Railroad,* 71 Mo. 575; *Wayland v. Railroad,* 75 Mo. 548.

II. The demurrer to the evidence should have been sustained. Plaintiff's own evidence shows that the original "obstruction" was created in the year 1873, long before the property belonged to him, and that he bought with knowledge of that fact. The cause of action accrued in 1873, and was, therefore, barred, when this action was brought.

JOHN R. WALKER, with GEO. W. JOHNSTON, for the respondent.

I. The petition is sufficient. It alleges knowledge of the nuisance by defendant, which renders it liable for

continuance. *Pinney v. Berry*, 61 Mo. 359; *Dickson v. Railroad*, 71 Mo. 575; *Wayland v. Railroad*, 75 Mo. 548.

II.    This cause of action is not barred by the statute of limitations.   3 Bl. Com. [Sharswood] 220; 1. Addison' Torts [Woods Ed.] 300; Vol. 2, p. 600; *Beckley v. Skroh*, 19 Mo. App. 75; *Vedder v. Vedder*, 1 Denio [N. Y.] 257.

ELLISON, J.—This action was begun in the Cooper circuit court, on the twentieth day of October, 1883.

On the nineteenth day of August, 1884, the plaintiff filed an amended petition.   During the trial of the case the plaintiff dismissed as to the first count of his petition.

The second   count of said amended petition is as follows :

" Plaintiff for another cause of action states that the defendant is a corporation duly created by law for railroad purposes ; that on or about the twelfth day of June, 1878, the plaintiff became the owner in fee of the west half of lot number 171, on the original plat of the city of Boonville, Cooper county, state of Missouri, which said half lot abuts for a distance of one hundred and fifty feet, more or less, on First street, a public street of said city, and plaintiff has continued to own said half lot to this day.

" Plaintiff states that he erected on said premises immediately and prior to any of the grievances hereinafter mentioned, a house and other improvements for the use of himself and family as a residence and for business purposes, and prior to the grievances hereinafter mentioned said premises were of easy access from said street, and the plaintiff had the right to use and enjoy the same without let or hindrance.

" That on or about the first day of September, 1879, the Missouri, Kansas & Texas Railway Company, a corporation duly created by law, having authority to construct its road in said First street in a lawful manner,

and not so as to obstruct the use of said street, yet wrongfully, carelessly, negligently, and in violation of plaintiff's rights, did construct in said street and immediately along side of plaintiff's aforesaid premises, an embankment of earth varying in height from six inches to three feet, and did place thereon cross ties and rails of its line of railroad; and the said construction of said embankment and the placing thereon said cross ties and rails did obstruct the use of said street by plaintiff, which use he was entitled to by law, and did entirely shut off plaintiff's way of ingress to and egress from said premises over said street.

"And afterwards, to-wit: about the first day of December, 1880, the said Missouri, Kansas & Texas Railway Company put into the possession and control of the defendant, the said line of railroad in said street, with full power and authority to continue said obstruction, and since the taking of said line of railroad by defendant as aforesaid, the defendant with knowledge of the existence of said obstruction has wrongfully, unjustly, and in violation of the plaintiff's rights, maintained, continued and kept up said embankment and other obstructions, and has thereby continued to obstruct the use of said street by plaintiff, which use he was and is entitled to by law, and has continued to shut off plaintiff's way of ingress to and egress from his said premises.   Wherefore plaintiff has sustained damage at the hands of the defendant in the sum of fifteen hundred dollars," etc.

Defendant's answer was a general denial, and also set up the following defences :

"And for a further answer defendant says that if any injury was ever done to the lot or parcel of ground described in plaintiff's petition by the construction of the embankment therein described, it was done long before the plaintiff owned said lot.

"And defendant further answering says that the plaintiff's cause of action, if any he has, did not accrue

within five years next before the bringing of this suit, and is, therefore, barred by the statute of limitations which defendant pleads in bar of the same."

Upon the trial of the case the defendant objected to the introduction of any evidence on the part of the plaintiff, for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled.

Thereupon the plaintiff offered evidence tending to prove the allegations of his petition.

During the introduction of said evidence the plaintiff testified that when he bought the property in 1878 he knew that in 1873, an embankment along the west side of said lot had been constructed and a railroad track built thereon by the Missouri, Kansas & Texas Railway Company; that said track was taken up in the year 1874; that in the year 1879 the said Missouri, Kansas & Texas Railway Company raised said embankment varying in height from six inches to two feet and again laid a track thereon; that before said last mentioned track was laid he could drive over the embankment into and from his lot, but that the raising of said embankment and the placing of said track thereon in 1879, entirely cut off his ingress and egress to the rear part of his lot; that about the first day of September, A. D., 1884, the defendant had removed the track of said railroad, and that plaintiff has since cut down said embankment.

At the conclusion of plaintiff's evidence defendant prayed an instruction in the nature of a demurrer to the evidence. It was overruled.

The defendant then offered evidence tending to support the allegations of its answer.

Judgment was entered for plaintiff for three hundred dollars and defendant appeals.

I. The petition in this cause is sufficient. It is necessary, in order to maintain an action for a nuisance which has been erected by the predecessor of the de-

fendant, to allege that the defendant had knowledge or notice of the nuisance. It is not necessary to allege or prove that notice of the nuisance has been given provided you allege and prove knowledge of its continuing existence. *Pinney v. Berry,* 61 Mo. 359, 365; *Dickson v. Railroad,* 71 Mo. 575; *Wayland v. Railroad,* 75 Mo. 548; *Beckley v. Skroh,* 19 Mo. App. 75. The petition in this cause sufficiently alleges knowledge on defendant's part of the existence and continuance of nuisance complained of. A fair interpretation of its allegations will show that it alleges a knowledge on defendant's part that the embankment, etc., was an obstruction to the free enjoyment and use of the lot.

II. The defendant invokes the statute of limitations for the defeat of plaintiff's case. An embankment had been erected for a railway track in 1873; at what particular time of the year does not appear. This suit was begun in October, 1883. But this embankment, as shown by the evidence, did not constitute an obstruction to the lot. The track was torn up in 1874 and in 1879 the embankment was raised and the track again laid, the raising and relaying the track making the obstruction complained of. Under this state of the evidence I think the statute cannot avail defendant. A nuisance of the sort described in this action is a continuous thing, and as such "is a fresh nuisance every day it is suffered to remain unabated. New suits for the damage caused by its continuance may, therefore, be brought from day to day." Cooley on Torts, 619; Blackstone, 3 Book, 320.

I am aware that a wrong which, though originally a nuisance, may ripen by use into a right. The law applicable to cases of such nature is well stated by Angell on Limitations, section 300, where he says: "Every continuance of that which was originally a nuisance the law considers a new nuisance, and, therefore, though the party complaining cannot, in an action on the case, recover upon the original cause of action, after the expira-

tion of six years, he may for its continuance, any time before the right of entry is barred, as above mentioned, and recover not only nominal damages, but such actual damage as has accrued any time within six years.''

Our statute, of course, prescribes a different period than six years. We see no reason for disturbing the result of the trial and affirm the judgment. All concur.