| 47 | 491 |
| 68 | 651 |

| 47 | 491 |
| 95 | ¹466 |
| 96 | 661 |

# WILLIAM C. WALLACE, Respondent, v. KANSAS CITY & SOUTHERN RAILWAY COMPANY, Appellant.

## Kansas City Court of Appeals, January 18, 1892.

1. **Highways: PERMANENT STRUCTURE IN STREETS: LOT-OWNER: DAMAGE, JURY QUESTION.** An embankment of stone and earth in a street in front of a lot obstructing ingress and egress thereto is a permanent structure, and damages for such injury are original and may at once be estimated and compensated, and the evidence in this case authorizes its submission to the jury.

2. ——: **EVIDENCE: NUISANCE: DAMAGES.** Where the nuisance is permanent as in this case, witnesses are permitted to give their opinion as to the value of the property just before and just after the creation of the nuisance.

3. **Surface Water: DAMAGES FROM: DISTINGUISHED FROM PERMANENT NUISANCE.** An instruction telling the jury that if defendant, by building its roadbed south of plaintiff's lot, collected the surface water and caused it to flow upon and over said lot whereby it was damaged, the finding should be for the plaintiff for such damages sustained at the time of the institution of the suit, is approved as sufficiently distinguishing such temporary damages from the damages arising from a permanent approach to defendant's road-bed, extending in front of plaintiff's lot.

4. **Action: PERMANENT AND TEMPORARY NUISANCES.** If a railroad company in building its roadbed extends a permanent approach thereto in front of plaintiff's lot, destroying egress and ingress therefrom to the street, and at the same time floods plaintiff's lot by means of an improper culvert under its embankment on the south of said lot, plaintiff can recover from both the temporary and permanent damages in the same action.

5. **Appellate Pleading: PRACTICE: TWO CAUSES OF ACTION: ONE COUNT.** While damages for permanent and temporary nuisances may be recovered in one action, they should not be stated in one count; but if joined in one count, and no motion is filed in the trial court to compel plaintiff to elect on which he would proceed, the objection must be deemed waived.

*Appeal from the Henry Circuit Court.*—Hon. David A. DeArmond, Judge.

Affirmed.

*Johnson & Lucas*, for appellant.

( 1 )   The demurrer to the evidence ought to have been sustained.   There was no evidence as to any damages except of a temporary character, and no amount therefor had been stated.   *Smith v. Railroad*, 98 Mo. 24.   ( 2 )   The court admitted incompetent evidence over the objections of the defendant.   The witnesses were asked the following questions :   " *Q.*   What, in your opinion, was the value of this Wallace lot in the winter of 1888, just as it stood in the winter of 1888, just before the road and embankment were put in there, and what was it worth just after the embankment was put in there, saying nothing about flooding the lot?" For an exhaustive discussion of the subject, see : *Hargreaves v. Kimberly*, 26 W. Va. 787, as reported in 53 Am. Rep. 121 ; *Van Hoozier v. Railroad*, 70 Mo. 145 ; *Cain v. Railroad*, 54 Iowa, 262 ; *Smith v. Railroad*, 98 Mo. 24 ; *Penney v. Berry*, 61 Mo. 259.   Again : The question propounded to the witnesses, Lawson and Avery, concerning the grade at the crossing, ninety feet from the property. Defendant could not be held under any circumstances for throwing up an embankment at this crossing. *Fairchild v. City of St. Louis*, 97 Mo. 85. ( 3 ) Instruction, numbered 1, asked by plaintiff ought not to have been given.   It authorizes the jury to find for plaintiff all damages that he had sustained at the institution of the suit on account of flooding the premises, and to find in addition thereto any damages that might arise from depreciation of value of the premises occasioned by the embankment.   In other words, the jury were told that they could allow damages for both reasons, when under no theory of law could there be a recovery for both.

The instruction is erroneous in the fact that it does not specify the measure of damages. *Flynt v. Railroad*, 38 Mo. App. 94; *Stephens v. Railroad*, 96 Mo. 215; *Harty v. Railroad*, 95 Mo. 372; *Brown v. Railroad*, 101 Mo. 484. (4) The instructions are contradictory and misleading. Number 7 given for the defendant limits the right of recovery to damages (if there were any) that may have been caused by interfering with his ingress and egress to the property; while number 1 given for plaintiff authorizes a recovery for damages sustained on account of such embankment: "And in estimating the damages (if any) to plaintiff, you will take into consideration the depreciation in value of said premises occasioned by said embankment." *Stone v. Hunt*, 94 Mo. 475; *State v. Herrell*, 97 Mo. 105; *Redpath v. Lawrence*, 42 Mo. App. 101. For the reasons assigned to plaintiff's first instruction appellant says that the first instruction given by the court of its own motion ought not to have been given. *Othnal v. Railroad*, 43 Am. & Eng. R. R. Cases, 129. (5) The verdict of the jury is against the evidence, and against the law as declared by the court, and the cause should be reversed therefor. *Brown v. Railroad*, 101 Mo. 484; *O'Donnell v. Railroad*, 7 Mo. App. 190; *Taylor v. Fox*, 16 Mo. App. 527. The verdict of the jury is excessive. *Logan v. Small*, 43 Mo. 234. (6) The petition does not state facts sufficient to constitute a cause of action. *Robertson v. Railroad*, 18 Mo. App. 185.

*Calvird & Lewis*, for respondent.

(1) Both permanent (embankment in street) and temporary (flooding) injuries were alleged in the petition, and under the testimony it was proper for the court to submit both elements of damage to the jury. (2) Appellant, in his argument, says: "The construction of the grade or throwing up the dirt in front of plaintiff's property was unauthorized and a public

nuisance, and defendant was under legal obligations to change the same." We do not so view it. Our statute ( R. S. 1889, sec. 26) compelled defendant to put in this embankment so that the public could approach and cross defendant's track. Defendant's failure to put its crossing-track on the street grade is where the mischief began. And so the embankment, or approach, in front of plaintiff's house is not a public nuisance, and defendant is not at liberty to remove it, nor can it be compelled to do so. This embankment then being a permanent structure, plaintiff was entitled to recover prospective damages for it. *Smith v. Railroad,* 23 W. Va. 453, and numerous cases cited ; *Smith v. Railroad,* 98 Mo. 20; *Troy v. Railroad,* 23 N.H. 83 ; *Autenrieth v. Railroad,* 36 Mo. App. 254; *Chouteau v. City of St. Louis,* 8 Mo. App. 48. ( 3 ) Appellant cannot complain of the instructions, which are claimed to have been given by the court of its own motion. These interlineations by the court did not change the instructions to appellant's prejudice. The changes by the court were a restriction in appellant's favor. ( 4 ) Appellant argues that instruction, numbered 1, given for plaintiff, and instruction, numbered 7, given for defendant, are contradictory. Such a contention is unfounded. For instruction, numbered 1, given for plaintiff, is solely on the question of flooding ; while instruction, numbered 7, given for defendant, is solely on the question of obstructing plaintiff's ingress and egress in making the embankment. ( 5 ) The questions asked witness Duden and others, as to the value of the lot with and without the embankment in the street at the time it was put there by defendant, were proper questions as to permanent damages. *Autenrieth v. Railroad, supra ; Chouteau v. City of St. Louis, supra; Van Hoozier v. Railroad,* 70 Mo. 145 ; *Dickson v. Railroad,* 71 Mo. 575 ; *Brown v. Railroad,* 80 Mo. 457; *Benson v. Railroad,* 78 Mo. 512 ; *Railroad v. Capps,* 67 Ill. 607. ( 6 ) On the question of flooding by surface water, see opinion

of Com. PHILIPS, in *Benson v. Railroad*, 78 Mo. 504. The testimony is abundant to sustain the verdict, and the judgment is not excessive.

SMITH, P. J.—This is an action for damages. The petition contains but one count which specifies that two subjects of injury were sustained by the plaintiff on account of a single wrongful act: one, the construction of an embankment of stone and earth in the street in front of the plaintiff's lot and dwelling-house, so that the egress and ingress to and from the street was rendered difficult and dangerous, and the other was the erection of an embankment to the south of plaintiff's lot on which to lay the track of its railway, and in so negligently placing a culvert through said embankment to the south of said lot that the surface water was turned on plaintiff's lot. The answer was a general denial. The plaintiff had judgment, to reverse which defendant has appealed.

I. The first error assigned by the defendant is that the trial court erred in overruling its demurrer to the plaintiff's evidence. This assignment cannot be sustained. The approach to the defendant's roadway extended out in front of the plaintiff's lot and being composed of stone and earth was about as permanent as anything that human hand could make and must continue without change from any cause but human labor. The damages for such an injury are original and may at once be estimated and compensated. *Marten v. Railroad, ante*, p. 452, and the authorities there cited. The plaintiff's abstract of the evidence which is not controverted, shows that, before the construction of the approach, the city of Clinton had graded the street in front of the plaintiff's lot, and it had worked the street along there more or less for a number of years. The case of *Smith v. Railroad*, 98 Mo. 20, is not at all like this case in its facts, and is not deemed an authority in support of the defendant's contention.

The evidence of the plaintiff tends to show that the plaintiff's property was rendered very inaccessible and inconvenient by reason of the construction of the railway approach in the street in front of it, and that in consequence thereof it had been greatly diminished in value. The plaintiff's witnesses place the difference in the market value of the property, immediately before the injury complained of and its value after, at from $150 to $300. We do not think the court erred in the submission of the case to the jury.

II.   The case of *Hargreaves v. Kimberly*, 26 W. Va. 787, draws the proper distinction between actions for nuisances which are permanent in their nature and those that are not. The case does not uphold the second ground of defendant's complaint to the effect that the trial court further erred in permitting the plaintiff's witnesses to testify their judgment as to the value of this property just before and just after the approach was placed in the street in front of it. The witnesses gave their opinion as to the diminution in value of the property without reference to the flooding of it. Their testimony went to the *quantum* of the damages resulting from the permanent nuisance complained of and by all the authorities it was for that purpose admissible. *Brown v. Railroad*, 80 Mo. 457 ; *Benson v. Railroad*, 78 Mo. 512 ; *Van Hoozier v. Railroad*, 70 Mo. 145 ; *Dickson v. Railroad*, 71 Mo. 578 ; *Autenrieth v. Railroad*, 36 Mo. App. 254 ; *Railroad v. Capps*, 69 Ill. 607. The authorities cited by the defendant apply only in that class of cases when the wrong does not involve the entire destruction of the estate or its beneficial use, but may be apportioned from time to time. The approach constructed in the street in front of plaintiff's property is not of this character, but is, as we have already stated, of a permanent nature. The injury being of a permanent nature was not within the rule declared in the cases

cited by the defendant of which *Van Hoozier v. Railroad*, 70 Mo. 145, is the leading one.   The reason of the inapplicability of *Fairchild v. St. Louis*, 97 Mo. 85, and the other cases in line with it will appear by reference to *Martin v. Railroad, supra.*   No damages for permanent injuries to the plaintiff's property were claimed or allowed on account of the erection of the embankment upon which the defendant's roadway was located.   Since this embankment was not in front of the plaintiff's property, he could recover no damages in consequence of that as is shown by the cases just referred to.   The testimony of the witness Avery, to which objection is made, related to the "embankment there," that is, the approach in front of the plaintiff's property and not the embankment on which the track is located, and so it was properly admitted.   The second instruction given for the plaintiff embodied the proper rule of law as applicable to the facts which the evidence tended to establish.   The permanent injury feature of this case bears such a striking resemblance to that in *Martin v. Railroad*, that the ruling there made must dominate in this.

III.   The instruction given by the court for the plaintiff which told the jury in effect that if the defendant threw up an embankment south of the plaintiff's premises whereby the surface water, south of the embankment, which had before flowed out on Second street, was collected in a body, and that defendant negligently constructed a culvert through said embankment south of plaintiff's premises, so that the water flowed through the culvert and onto said premises, and that by reason of the embankment surface water on the south side thereof was collected in a body and caused to flow upon and over said premises and that the same were damaged thereby, the finding should be for the plaintiff for the damages sustained by reason of the flooding of said premises at the time of the institution of the suit.   The hypothesis of this instruction restricted the attention of

the jury to such damages as the plaintiff had sustained by reason of the flooding of his property. The other instruction already referred to outlined the facts upon which they were authorized to find damages arising from the depreciation of the property. The line of distinction was so clearly and unmistakably drawn in the plaintiff's two instructions as to prevent any confusion in the mind of the jury in that regard.

If the defendant in the act of constructing its roadway extended the approach thereto in the street in front of the plaintiff's lot and thereby permanently impaired its value, and also so negligently placed a culvert in the embankment on which its roadway was located, that it caused the surface water to be collected and turned upon the plaintiff's lot, whereby a strip of it was washed out and his well injured, we cannot see why he may not recover compensation in damages for both of these wrongs. The latter injuries were of a temporary character. The subsequent change of the culvert put an end to the flooding of the lot. Why may not the plaintiff recover for this under the specifications of the petition as well as for the permanent injury to the lot occasioned by the approach to the defendant's roadway. The injuries occasioned by the flooding of the plaintiff's lot are not included in those occasioned by the extension of the railway approach in front of it. Upon the principles announced in the following cases, we think plaintiff could recover for both of these injuries and the court in so instructing the jury did not err. *Babb v. Curators*, 40 Mo. App. 173; *Givens v. Van Studdiford*, 4 Mo. App. 938, approved in 72 Mo. 129 ; 86 Mo. 149 ; 3 Sutherland on Damages, 414, 415, 416.

It would have been better had the court by an instruction been more specific as to just what kind of damages the plaintiff was entitled to recover under each specification ; but, in view of the small amount of the verdict, we are not inclined to think any prejudice resulted to defendant from this omission.

This case is quite distinguishable from that of *Flynt v. Railroad*, 38 Mo. App. 94, and the cases there cited, as may be readily seen by reference thereto. The question there considered does not arise in this case.

No conflict is perceived in the instructions of the court. They seem sufficiently harmonious in view of the specification of injury contained in the plaintiff's petition. Nor is there any serious objection to the instructions given by the court on its own motion for the defendant. It is substantially the same as that asked by defendant differing in no material particular.

IV. The petition is possibly subject to the objection that two causes of action are stated in one count; if so, since the defendant failed to file a motion in the court below to compel the plaintiff to elect on which cause of action he would proceed, such objection must be deemed to have been waived. *Fadley v. Smith*, 23 Mo. App. 87; *Welsh v. Stewart*, 31 Mo. App. 376.

V. The verdict is not excessive the evidence being ample to sustain it. The judgment will be affirmed. All concur.