WILLIAM HULETT, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 24, 1899.

1. **Nuisance**: RAILROAD LESSEE: ACTION. The rule that the successor to the erection of a nuisance will be liable for the continuation thereof applies to a railroad lessee.

2. **Municipality**: DAMAGES FOR CHANGE OF GRADE: CONSTRUCTING RAILROAD ON STREET: ACTION: IMPROVEMENTS. Under the constitution of 1875 a city is liable for damages to the abutting property owner when the surface of the ground is changed to conform to the established grade, and its lessee, a railroad company, is likewise liable for making such alteration in the construction of its road though it is necessary to reach the grade established by the city; but improvements made after the establishment of grade are presumed to be made with reference thereto.

3. **Railroads**: OBSTRUCTING STREETS: ABUTTING PROPERTY: OTHER ACCESS: ACTION. The fact that the property injured abuts on two streets and access thereto from one street was unimpaired will not defeat an action for interference with the access from the other street. Cases considered and distinguished.

4. ———: ———: DAMAGE TO ABUTTING PROPERTY: INSTRUCTIONS. Instructions in a trial against a railroad for obstructing access to abutting property by its railroad in the street are reviewed and held properly to confine the jury to a consideration of the question, whether the manner of the construction was such as to deny plaintiff access to his property and to exclude from their deliberation anything concerning the location and operation of the road in the street.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

GEO. P. B. JACKSON for appellant.

(1) The city had power to authorize the construction of the railroad in the street, and to establish or change the grade

of the street. The law required that the railroad should conform to that grade. A railroad built under such authority and in conformity to such requirement is not wrongfully built, and in no sense a nuisance. R. S. 1889, sec. 2543; Ray's Neg. of Imposed Duties, chap. VI, pp. 87 to 92; 1 Rorer on Railroads, 503-521; Randle v. Railroad, 65 Mo. 325-332; Porter v. Railroad, 33 Mo. 128; Swenson v. Lexington, 69 Mo. 157; Cross v. Railroad, 77 Mo. 318; Ottenot v. Railroad, — N. Y. —; 43 Am. and Eng. R. R. cases, 129. (2) Even if there could have been any liability the court gave erroneous instructions as to the measure of damages. Smith v. Railroad, 98 Mo. 20. (3) This defendant is but the lessee of the company which completed the railroad and did everything which caused the injury complained of before defendant took possession. Therefore this defendant is not liable. Freeman on Judgment, sec. 241; Wells Res Adjudicata, sec. 239.; Herman on Estoppel, sec. 251; Wood on Limitation, sec. 180; James v. Kansas City, 83 Mo. 567; Squires v. Amherst, 145 Mass. 192; Bizer v. Hay Press Co., 30 N. W. Rep. 172; Railroad v. Loeb, 8 N. E. Rep. 463; Van Hoozier v. Railroad, 70 Mo. 145; Troy v. Railroad, 23 N. H. 83; Powers v. Council Bluffs, 45 Iowa, 652; Stodghill v. Railroad, 53 Iowa, 343; Bird v. Railroad, 30 Mo. App. 365; Hodge v. Shaw, 52 N. W. Rep. 8. The court therefore erred in giving the instructions asked by plaintiff, and in refusing defendant's instructions.

SAM C. MAJOR and W. M. WILLIAMS for respondent.

(1) The rulings of the trial court, relied upon by appellant, for a reversal, were in accord with the former decisions of this court, expressly passing upon the points at issue. The trial was in accordance with the law as heretofore laid down by this court. Lockwood v. Railway, 122 Mo. 86-97; Knapp, Stout & Co. v. Railway, 126 Mo. 26-36; Kavanaugh v. Shaughnessy, 41 Mo. App. 657. (2) The appellant's contention in the first part of its argument, that the city may be liable

for permitting a change of grade of its streets or authorizing the same to be made by the railroad company, but that the company is not so liable, is not well taken. This court has fully answered the point. Sheehy v. Railway, 94 Mo. 574-579; Cross v. Railway, 77 Mo. 318; Davis v. Railway, 119 Mo. 180. (3) Although the railroad was constructed through the street by another corporation, yet as soon as it was completed, said railway was put in the possession and under the control of the defendant, and was maintained and managed by it. Tate v. Railway, 64 Mo. 149; McGowan v. Railway, 23 Mo. App. 203; Payne v. Railway, 112 Mo. 6-16; Beckley v. Skroh, 19 Mo. App. 75-78; Gordon v. Peltzer, 56 Mo. App. 599; Wayland v. Railway, 75 Mo. 548; Cross v. Railway, 77 Mo. 318-322; Grogan v. Foundry Co., 87 Mo. 321-328; Railroad v. Hambleton, 40 Ohio St. 496; Brown v. Railway, 12 N. Y. 486. (4) The defendant had no right to maintain in the street, a switch-track for its private use, and to so occupy the street as to entirely destroy the plaintiff's right of access to and from his property. The town authorities could not grant any such privilege. Lackland v. Railroad, 31 Mo. 180; Lockwood v. Railway, 122 Mo. 86; Knapp, Stout & Co. v. Railway, 126 Mo. 26. (5) The appellant's complaint of the instruction for plaintiff as to the measure of damages, is not well taken. Scott v. Nevada, 56 Mo. App. 189-191; Bielman v. Railway, 50 Mo. App. 151-156; Walker v. Owen, 79 Mo. 563; Tomlinson v. Ellison, 104 Mo. 105.

ELLISON, J.—The Missouri, Kansas & Eastern Railroad Company constructed its railway on one of the streets of the town of Rocheport, and in doing so excavated to the depth of four or five feet and forty feet in width in front of plaintiff's property and destroyed to a great degree the use of his property from that street, though the lot, being on a corner, he had means of ingress and egress from another street. On its completion the company leased said railway to defendant

which has since operated it, and hence is charged with the damages accruing to plaintiff. The judgment of the trial court was for plaintiff and defendant appealed to the supreme court from whence it was transferred here as not being within the jurisdiction of that court.

There can be no doubt that if plaintiff has been damaged he may hold this defendant liable therefor. For, notwith-standing the predecessor in an easement or es-
NUISANCE: rail-road lessee: action.
tate erects a nuisance, the successor, if he has knowledge of it, will be liable for a continuation thereof. This is a general principle of law. Payne v. Rail-way, 112 Mo. 16, and it has been applied to cases like the one at bar. Tate v. Railway, 64 Mo. 155; McGowan v. Railway, 23 Mo. App. 203.

The road in question was constructed on the grade estab-lished by the town authorities and defendant contends that it, and its predecessor, had the right to construct,
MUNICIPALITY: damages for change of grade: constructing rail-road on street: action: improve-ments.
maintain and operate the road along the street of Rocheport on the grade thus established, even though, in the construction, it was neces-sary to make a cut beneath the surface of the street, which interrupted and hindered plain-tiff's use of the street as a means of going in and out of his property. It is the law that a railway may be constructed along the streets of a town or city on the established grade and trains operated thereon without perverting the use contem-plated at the dedication of the street to the public. .Gaus v. Railway, 113 Mo. 308. And when such construction and use does not so occupy the street as to debar free ingress and egress to abutting property owners, no liability attaches to the owner or operator of the railway. Lockwood v. Railway, 122 Mo. 97. But, since the adoption of the constitution of 1875, which allows the owner of abutting property for damage done such property, the city may be held liable for such damage when it excavates below the surface or makes embankments

above the surface. And so will a railway company which makes such alteration even though it was necessary in order to reach the grade thus established by the city. Sheehy v. Railway, 94 Mo. 574. If, however, improvements are made on a lot after the grade has been established, it will be presumed that they have been made with reference to such grade, and nothing will be allowed for damage to such improvements, by conforming the surface to such grade. Davis v. Railway, 119 Mo. 180.

The plaintiff's property abutted two streets and he had access to it from the street which had not been interfered with. From this fact defendant contends that it is not liable for obstructing access on the excavated street upon which its track was laid. The latter part of the opinion in Stephenson v. Railway, 68 Mo. App. 651, decided by this court, sustains that view. But the decision of that case was put upon other grounds, and that part of the opinion relied RAILROADS: obstructing streets: abutting property: other access: action. upon by defendant here was not necessary to a full determination of that case and may therefore be regarded as *obiter dicta*. The question for determination in a case like the one before us, is not whether one may have access to his property by some other route than the one obstructed, but what has he been damaged, considering the value of the property as it was before and as it is left since the obstruction. As before stated, the rule in this state since the constitution of 1875, as stated by the supreme court, is that a liability is incurred if the property be damaged. Such damage does not depend upon an arbitrary, artificial or technical rule. And the fact that one may have access to his property by another street may or may not determine that the property is not damaged. There might be conditions in which it would not be injured. But we think it unreasonable to allow the mere fact of access by another street to determine the question. If one had a retail store fronting on a business street the lot upon which it

was situated running back to a street in the rear, could it be supposed that access from the back street would nullify all harm caused by being shut off from the front? The authorities cited in the Stephenson case, except Railway v. Cuykendall, 42 Kan. 234, decided by the supreme court commission for that state, which cites the same authorities, are not in point. They do not involve the question of the liability of municipal corporations, or those acting under the authority of such corporations. Those of them bearing on a liability for interfering with a highway are based on special statutes permitting an action against a county or town. These being only *quasi* corporations are only liable when so made by the statute; whereas a municipal corporation is liable for the violation of a duty or obligation which it takes upon itself at its organization. For the statement of the distinction in this respect the cases of Cunningham v. St. Louis, 96 Mo. 53; Commissioners v. Mighels, 7 Ohio St. 109, and Eastman v. Merideth, 36 N. H. 284, are of interest. In construing the statutes of some states authorizing claims for damages against a county for closing a highway (a right of action which would not have existed but for the statute) it is held by some of the authorities cited in Stephenson and Cuykendall cases that the action would not lie where, though one abutting highway was closed, another remained. But these have no bearing on the liability of a municipality, governed, as before stated, by a different rule.

What we have said concerning the law governing this case has disposed of most of the questions presented by defendant's instructions which were refused. It ——: ——: damage is insisted that by giving plaintiff's first instructo abutting prop-
erty: instructions. tion and refusing defendant's eighth, the jury were allowed to consider the operation of the railway along the street in front of plaintiff's property as an element of damage. The eighth instruction was properly refused for the reason that in addition to denying plaintiff a

right to recover for the inconvenience and annoyance of smoke, dust, noise, etc., it included a denial, without quali- fication, of any liability for the construction of the road. The construction of the road was in part done by making the ex- cavation which interfered with plaintiff's access to his lot. By giving plaintiff's first instruction, and by giving defend- ant's ninth, tenth and eleventh, the matter was made plain to the jury that they could not take into consideration as an element of damage, anything concerning the location or oper- ation of the road in the street. They were confined to the question whether the manner of the construction was such as to deny plaintiff access to his property. Granting that plain- tiff's instruction standing alone might not be as clear in this respect as it should have been, yet when from the instructions taken together, it is apparent that their meaning could not have been misunderstood, it would be an abuse of our authority to reverse the judgment. There were some other minor points against the action of the trial court which we do not deem well made. We have not found anything complained of which materially affects the merits of the case, and hence affirm the judgment. All concur.