BERT C. FARRAR, Trustee, Respondent, v. MID-
LAND ELECTRIC RAILWAY COMPANY, Ap-
pellant.

### St. Louis Court of Appeals, May 12, 1903.

1. **Railroads, Street:** USE OF STREET: TRACK ABOVE GRADE:
OBSTRUCTING ACCESS TO PROPERTY: DAMAGES, MEAS-
URE. Where a street railway constructed its track on the street
in front of plaintiff's property, and thereafter raised the track
above the street grade, thereby shutting off his ingress to and
egress from such property, the measure of damages was the differ-
ence between the fair market value of the property immediately
before the track was so raised and such value after it was raised.

2. ———: ABUTTING PROPERTY: BENEFITS. In estimating
damages caused to abutting property by the construction of a street
railway above the street grade, no deduction for any benefit from
the railway to the property is permissible.

3. ———: MUNICIPAL LICENSE TO RAILWAY COMPANY:
RAISING GRADE, DAMAGES. Where the right to lay its track
on a highway is conferred on a street railway corporation by
municipal authorities, such track must conform to the grade or
level of the highway, and, if not so constructed, the corporation is
liable to the owners of abutting property for damages resulting
from the obstruction of access thereto.

Appeal from St. Louis County Circuit Court.—*Hon. J.
W. McElhinney,* Judge.

Affirmed.

*Boyle, Priest & Lehmann* and *Kiskaddon & Mat-
thews* for appellant.

(1)   The measure of damages is the difference in
value of the property immediately before the alleged
injury and immediately afterwards.   St. Louis T. Co.
v. Bambrick, 149 Mo. 569; Rives v. Columbia, 80 Mo.
App. 173; Morton v. Railroad, 47 Mo. App. 452.   (2)
Again, plaintiff failed to prove that the construction of

the railroad was wrongful. A wrongful act can not be presumed. It must be proved. Every one is presumed to do right until the contrary appears. 1 Green on Ev. (12 Ed.), 34, 35; Choteau v. Steamboat, 11 Mo. 226; Lenox v. Harrison, 88 Mo. 491. (3) Therefore, the word "maintains" refers merely to the permanent character of the original construction, and not to some supposed raising of the original construction. Especially are instructions predicated on the subsequent raising of roadbed improper, because such raising of the roadbed is not pleaded in the petition. Bank v. Murdock, 62 Mo. 70; Fulkerson v. Thornton, 68 Mo. 468; Camp v. Heelen, 43 Mo. 591; Nugent v. Curran, 77 Mo. 323; Haynes v. Trenton, 108 Mo. 123; Ely v. Railroad, 77 Mo. 34.

*Richard A. Jones* and *Zach J. Mitchell* for respondent.

(1) The doctrine that a railroad laid upon a public street is not an additional servitude, is subject to the qualification that it must be laid at the surface of the street and in such manner as not to obstruct the common use thereof as a public highway. Sherlock v. Railroad, 142 Mo. 183; Cross v. Railroad, 77 Mo. 322; Taylor v. Railroad, 38 Mo. App. 672; Martin v. Railroad, 47 Mo. App. 459. (2) Abutting property owners have, appurtenant to their property, the right of access to it from the adjacent streets and alleys and this right is as inviolable as the right to the property itself. Sherlock v. Railroad, supra; Lackland v. Railroad, 31 Mo. 18. (3) So a railroad company which derives from a municipal corporation a right to alter the grade of a street for the purpose of constructing its road, is liable for the damages to the abutting property-owner caused by the alteration of such street, even though acting under such authority. Sheehy v. Railroad, 94 Mo. 574; Hulett v. Railroad, 80 Mo. App. 87.

REYBURN, J.—Plaintiff's cause of action contained averments of defendant's incorporation for the purpose of constructing and operating a street railway in the city and county of St. Louis; the ownership by plaintiff as trustee of realty described in St. Louis county, having a frontage along the south side of Page avenue of 673 feet, commencing 110 feet west of Emmett avenue and extending westwardly. That such realty was on and in some places above the grade of Page avenue; that subsequent to the time plaintiff became the owner, defendant constructed and then maintained a street railway along the full frontage of plaintiff's property, with the track and roadbed from four to six feet higher than the grade of Page avenue and located on the south side immediately adjoining the sidewalk line in front of plaintiff's property and shut off plaintiff from all ingress to and egress from his property, by a bank of earth to the height mentioned, upon which rested the tracks of defendant, and placed the property of plaintiff with reference to such street railroad and roadbed, below grade four to ten feet, rendering it undesirable for residence or other use and depreciating its value; that Page avenue was a road used by the public generally, established and maintained for that purpose, and not the property of defendant which wrongfully constructed and then maintained its track and roadbed in the manner described without authority and without plaintiff's consent, and damages in the sum of $5,000 were claimed.

The answer of defendant was a general denial, coupled with affirmative pleas, that the roadbed and tracks were constructed and maintained on the same grade with that of the public road, whereon they were located, save where the road crossed a ravine or watercourse, where the grade was not such as to injure plaintiff's property; that defendant was authorized by the county court of St. Louis county to construct its railroad along Page avenue, and by virtue of such authori-

zation, constructed it where plaintiff's property abuts, so as to make it as useful to the public as possible and do no special damage to such realty.

A general denial was filed by plaintiff for reply.

The testimony tended to demonstrate that in January, 1896, plaintiff acquired the property, situated a short distance west of the corporate limits of the city of St. Louis, which was vacant and without improvements, with a north frontage along Page avenue of 673 feet by a depth of about 330 feet, and with a south frontage of 300 feet on Wagner avenue, a street not open or in use for travel. In July, 1891, a petition was addressed to the county court of St. Louis county for an order directing the road commissioner to survey Cook avenue, and to establish a permanent grade from the limits of the city of St. Louis to the Hanley road, which order was made, and pursuant thereto in August, a report of the county road commissioner was made to the county court, submitting a profile map of the avenue showing the proposed grade, which was approved, and the petitioners authorized at their expense under the superintendence of the road commissioner and the road overseer, to grade Cook avenue from the city limits to Hanley road in accordance with such established grade, and in December following, a report was filed in the county court stating that Cook avenue had been permanently graded with necessary culverts and bridges. In the same year the county court granted to defendant's predecessor the right to construct a street railroad on Cook avenue, the grade of which should correspond as near as might be to that of the avenue, and the width of the railway should extend from the boundary lines of the avenue a sufficient distance to enable the railway to be properly constructed and operated, but not in any case nearer than fifteen feet to the center line of Cook avenue or upon the traveled portion as then constructed and used, and the tracks were then laid in front of respondent's property at the level of the street, and were so

located when plaintiff's ownership began. In 1896, defendant raised its roadbed on the side of the highway where plaintiff's property abutted, rising from the level of the road westwardly to five feet above the grade at the highest point and constructed and thereafter maintained its tracks thereon. Cook (subsequently Page) avenue had remained 100 feet wide, a dirt road with the traveled portion north of the railroad, but was and continued one of the main thoroughfares extending from the city of St. Louis into the county. The exact topography of the scene of the controversy and the situation of plaintiff's property and defendant's railroad tracks and roadbed were illustrated by photographic sketches introduced.

The cause was submitted to a jury, which after receiving lengthy instructions from the court and after deliberation, returned a verdict for plaintiff in the sum of $2,250, and after proper preliminaries, defendant appealed.

1. The proof responded to and supported the allegations setting forth as the cause of action, that after plaintiff had succeeded to the ownership of the property, the defendant constructed and then maintained its railway on Page avenue by elevating the roadbed above the established grade in the manner described to the deterioration in value of the property by obstructing ingress and egress from it. The fact that defendant's predecessor had constructed originally a track on the grade of the highway, then designated Cook avenue, which in 1896, defendant raised and therefrom operated its railroad above the grade, did not require plaintiff to aver that such latter work was a reconstruction or a change of a prior existing grade of its roadbed and track thereon, nor in the absence of such allegations was there any departure in the testimony from the cause of action pleaded, as urged by appellant, and the imperative instruction sought at the close of plaintiff's evidence was properly refused.

2. The true measure of damages was clearly expressed in the instructions as the difference between the fair market value of the property immediately before the tracks of the railway were so raised, elevated and maintained, and its fair market value after such tracks were so changed. St. Louis Trust Co. v. Bambrick, 149 Mo. 569; Rives v. City of Columbia, 80 Mo. App. 173; Martin v. Railroad, 47 Mo. App. 452. Appellant concedes the appropriateness of this rule, but complains that testimony was admitted of the value of the property in 1896, but as the elevation is shown to have been made about this time, we fail to see why this line of inquiry respecting the value of the property, which appellant itself adopted, was not admissible. Nor was the testimony admissible sought to be elicited by appellant, by expressions of judgment by witnesses, real estate experts, of the probable value of the property without any railroad. Such evidence related to no issue presented and any benefit from the railroad to the property involved was a general benefit common to all other property in the vicinity, which could not be deducted from the damages thereto, and no special benefit to the property affected was claimed or shown. Rives v. City of Columbia, 80 Mo. App. 173.

3. The right of plaintiff as an owner of property abutting on the public highway to have free and undisturbed access to his property over the adjacent highway was as inviolable and as sacred as his right to the property itself. The use of the adjoining highway was a property right of which he could not be deprived without just compensation. Although defendant or its predecessor had received authority from the county court to locate and build its track on Cook or Page avenue, yet if in constructing its roadbed thereon in front of plaintiff's property, by making its roadbed and the grade of its track above the grade or level of the public thoroughfare, it impaired the usefulness of the high-

way to plaintiff's ground by interfering with access thereto, the defendant was responsible for the loss to plaintiff in the diminished value of his property. The doctrine that the right conferred by the municipal authorities upon a corporation to lay its track upon a highway, requires that in constructing the roadbed the grade or level of the street or highway shall be conformed to, and that if embankments are raised by the company to place the track upon, above such grade or level, the company becomes liable to property-holders in damages for obstructing the access to their property, was recognized in early cases in this State and at first applied to ordinary railroads operated by steam, but later was extended to passenger street railways operated by different motive power or appliances. Lackland v. Railroad, 31 Mo. 180; Cross v. Railway, 77 Mo. 318; Sheey v. Railway, 94 Mo. 574; Sherlock v. Railroad, 142 Mo. 172; Cross v. Railroad, 77 Mo. 318; Hulett v. Railroad, 80 Mo. App. 87; Martin v. Railroad, 47 Mo. App. 452; Taylor v. Railroad, 38 Mo. 668.

A careful review satisfies us that the case was presented to the jury with specially careful, distinct and complete instructions comprehending every phase, and the strictures thereof by appellant do not demand specific analysis or refutation, and are not tenable nor well founded.

Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.