NORA ROBINSON, Administratrix, Respondent, v. THE SPRINGFIELD SOUTHWESTERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. **RAILROADS: Eminent Domain.** The right of eminent domain is given to railroads under conditions specified in the Constitution and statutes by which property may be taken for public use, but the exercise of such right requires a just compensation to the owner of the property taken.

2. ———: ———: **Obstruction to Ingress and Egress.** The right of an owner of property abutting on a public highway to have free and undisturbed access to his property over the adjacent highway is as inviolable and as sacred as his right to the property itself.

3. ———: ———: **Construction of Crossing Approach Along Highway.** A railroad in constructing its roadbed and track adjacent to plaintiff's lot was required by the county court to build approaches at the crossing of the public highway which ran along one side of plaintiff's property. In building the approach, the highway was raised several feet along nearly the entire frontage of the lot, leaving a ditch along the line of said property and rendering it difficult of access thereto from the highway. *Held*, that the railroad company was responsible to the property-owner to the extent of the diminished value of the property.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*Martin L. Clardy* and *Barbour & McDavid* for appellant.

Under these circumstances, if plaintiff in fact sustained any damage, it was merely incidental to a proper and lawful change made in the road by the county court for the common good, for which the defendant cannot be held liable in this action. Reardon v. St. Louis County, 36 Mo. 555; Swinneford v. Franklin Co., 73 Mo. 279; Abbott v. Railway, 83 Mo. 277; Foster v. Kansas City, 114 Mo. App. 731; Seibert v. Railroad, 188 Mo. 672; Lewis v. Railway, 162 N. Y. 226; Sander v. New York, 182 N. Y. 400; Conklin v. Railway, 102 N. Y. 106; Ranenstein v. Railway Co., 136 N. Y. 536.

*W. W. Merchant* and *A. W. Lyon* for respondent.

Plaintiff's case is bottomed on section 21, article 2, of the Constitution of Missouri, to-wit: "That private property cannot be taken or damaged for public use without just compensation." And the further principle that the right of an owner of property abutting on the public highway to have free and undisturbed access to his property over the adjacent highway is inviolable and as sacred as his right to the property itself. Farrar v. Railway, 101 Mo. App. 140; De-Geofroy v. Railroad, 179 Mo. 698; Lackland v. Railroad, 31 Mo. 180; Cross v. Railroad, 77 Mo. 318; Manufacturing Co. v. Railroad, 113 Mo. 308; Martin v. Railway, 47 Mo. App. 452; Wallace v. Railway, 47 Mo. App. 491; Gardner v. St. Joe, 96 Mo. 657; Hulett v. Railroad, 80 Mo. App. 87.

NIXON, P. J.—The petition in this case presents a cause of action for damages, and charges that the respondent (now deceased) owned a lot on the north side of College street road, about one hundred and fifty feet west of the city limits of Springfield, fronting ninety-five feet on said road and running back to a depth of

one hundred and ninety feet. It appears that this property was improved by having built thereon a four-room house and a barn, and trees were planted on the lot. Prior to the injury complained of, the said tract of land is alleged to have been on a level with the said road so that the respondent was able to drive up to any point of said lot with wagon and team from the road.

In the year 1907, appellant built across said road an embankment of the average height of about two and one-half feet in front of about four-fifths of said property. The embankment was built across the public road to within about fifteen feet of the line of plaintiff's lot where it terminated, leaving, as claimed by plaintiff, a ditch along the line of said property, thereby rendering it difficult of access to said property from the road, and cutting off the means of ingress and egress to and from said property over and from said road, rendering the property unsightly and unsalable and injuring the market value thereof.

The substantial error charged by the appellant is that the court refused to sustain a demurrer to the evidence, and, in order that we may do full justice to the appellant, we state its objection in the language used in its brief:

"College street road was a public country road, and a duty rested upon the county court to keep it in condition for public use, and in performing that duty, the court required the defendant to construct the approach complained of, for the benefit of the general traveling public. . . . In making the approach the defendant was nothing more than the agent of the county court, and cannot be held liable for complying with the law under the supervision and direction of the court."

The right of eminent domain is given to railroads under conditions specified in the Constitution and statutes by which private property may be taken for public use. [Sec. 21, art. 2, Constitution of Missouri.]

This right is given to railroads as common carriers because of their function of serving the public; but the exercise of such right requires a just compensation to the owner of the property taken.

The legal liability of the appellant under the facts in this case has been so well established in other cases that argument or citation of authorities is needless. The right of an owner of property abutting on a public highway to have free and undisturbed access to his property over the adjacent highway is as inviolable and as sacred as his right to the property itself. The use of the adjoining highway was a property right of which plaintiff could not be deprived by the defendant without just compensation. And although appellant should have received authority from the county court to locate and build its track across College street road, yet, if in constructing its roadbed thereon in front of respondent's property by making its roadbed and the grade of its track above the level or grade of the public thoroughfare, it thereby impaired the usefulness of the highway to respondent's property by interfering with access thereto, the appellant was responsible for the loss to respondent to the extent of the diminished value of his property.. The right conferred by *municipal* authorities upon a corporation to lay its track upon a highway, requires that in constructing the roadbed the grade or level of the street or highway shall be conformed to, and that if embankments are raised by the company to place the track upon, above such grade or level, the company becomes liable to property-holders in damages for obstructing the access to their property. This doctrine was recognized in early cases in this State and at first applied to ordinary railroads operated by steam, but later was extended to passenger street railways operated by different motive power and appliances. And the same rule applies where a railroad oc-

143 App—18

cupies a public highway and builds, as in this case, approaches to its roadbed. [Farrar v. Midland Electric Co., 101 Mo. App. 140, 74 S. W. 500; Wallace v. K. C. & S. Ry. Co., 47 Mo. App. 491; DeGeofroy v. Merchants Bridge Ter. Ry. Co., 179 Mo. 698, 79 S. W. 386.] The respondent's property was taken by the appellant without authority of law, and the amount of damages awarded by the jury was reasonable.

A careful review of the proceedings in the trial court satisfies us that this case was presented to the jury with careful and complete instructions comprehending fully all the issues and there was no substantial error committed by the court. The judgment was for the right party and is hereby affirmed. All concur.